Angela Hope FORD, b/n/f, et al.,
Plaintiffs-Appellants,

v.

Douglas M. PACE, Jr., et al., Co-Administrators of the Estate of Ricky Dale England, Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

May 4, 1984.

Permission to Appeal Denied by Supreme Court June 25, 1984.

Joyce M. Ward of Ward & Sullivan, P.C., Morristown, for plaintiffs-appellants.

James M. Davis, Morristown, for defendant-appellee.

## OPINION

FRANKS, Judge.

In this declaratory judgment action to establish heirship, the chancellor, following an evidentiary hearing, concluded the court was without jurisdiction and dismissed the action.

The chancellor summarized the essential facts in his memorandum opinion:

Bobbie Ford Bell is the mother of Angela Ford who was born October 16, 1968, out of wedlock. Angela Ford and her mother seek a declaratory judgment that Alvis Earl England is the biological father of Angela.

Alvis Earl England died November 8, 1973, leaving surviving him an adopted son, Ricky Dale Pace England, who was killed in a traffic accident March 21, 1982. If Angela is the natural child of Alvis Earl England, she may be entitled to share in the Ohio estate of her purported half-brother by adoption; hence, her action for a declaratory judgment.

Ricky Dale England was a resident of Ohio at the time of his death. This action was filed against the Ohio Administrators, and was dismissed for lack of jurisdiction. The Court allowed the appointment of an Administrator *ad litem*, who was thereupon joined as a defendant. He has not answered.

.    .    .    .    .

The Chancery Court is authorized to appoint an Administrator *ad litem* in all proceedings *where the estate of a deceased person must be represented.* [Emphasis original.] The deceased had no estate in Tennessee. His estate is administered in Ohio by Ohio residents. His estate is not one that "must be represented" in the Chancery Court of Tennessee. It seems clear that an Ohio estate cannot be bound by a Tennessee judgment under the circumstances present in this case.

We agree with the chancellor.

The applicable general rule is stated in 23 Am.Jur.2d, *Descent and Distribution*, § 111:

Although the question of who is entitled to succeed to the property of an intestate as heir or distributee may be decided by a court as an incident to some proceeding in which the court has general jurisdiction, it has been held that a court cannot, in the absence of express authorization, entertain a proceeding the sole object of which is to determine heirship. However, the statutes in several states provide expressly for proceedings to determine heirship, the purpose of the proceedings being generally to ascertain by court order who the heirs or distributees of the property of a decedent are in a particular case. Such proceedings are special, although they may occur during, and might be said to be part of, the administration of an estate, and, under varying statutes, they have sometimes

been held to be legal and sometimes equitable in nature.

23 Am.Jur.2d, at 843.

It is the universal rule that personal property within a state is subject to administration in that state, 31 Am.Jur.2d, *Executors and Administrators*, § 38, and other states have no authority to interfere with the regulation of these property rights. This principle is well stated in Pritchard, *Wills and Estates*, vol. 1, § 52:

> Consequently, the power of the several states to make laws regulating the execution of wills and their probate, the administration of, and succession to, the estates of deceased persons, and the like, is supreme, and the several states are, as to these matters, distinct sovereignties with distinct systems of laws.

Id., at 64.

Accordingly, the statutory procedures for establishing heirship in our statutes of Descent and Distribution, including T.C.A., § 31–206, relate to estates subject to administration in Tennessee.

The Ohio Revised Code, § 2123.01, *et seq.*, vests the probate courts of Ohio with jurisdiction to adjudicate heirship to property located and administered in the State of Ohio. *See Speidel v. Schaller*, 73 Ohio App. 141, 28 O.O. 252, 55 N.E.2d 346 (1943).

The decree of the chancellor is affirmed on the basis the Chancery Court of Hamblen County, Tennessee, is without subject matter jurisdiction to determine whether plaintiff is entitled to share in the decedent's estate as administered by the Probate Court of Ohio, and the cost of appeal is assessed to appellants and the cause remanded.

GODDARD, J., not participating.

KIRBY MATHERNE, Special Judge, concurs.